**SO ORDERED.**

**SIGNED this 29 day of October, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

NANCY MISHOE-HOOPER,    CASE NO. 12-01392-8-JRL
                        CHAPTER 13
  DEBTOR.

_____

### ORDER

This matter is before the court on debtor's motion to reopen her chapter 13 case pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 9024 et seq., to which the trustee has objected. A hearing on the matter was held in Wilmington, North Carolina on October 17, 2012.

### BACKGROUND

Nancy Mishoe-Hooper ("debtor") filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 22, 2012. On May 23, 2012, the court entered an order granting the motion to confirm the chapter 13 plan filed by the trustee. The plan provided for monthly payments of $1,005.00 for thirty six (36) months.

On June 29, 2012, the trustee filed a motion to dismiss the debtor's case for failing to comply with the terms of her plan due to her failure to make two plan payments. On July 30,

1

2012, the court entered an order dismissing the debtor's case for cause, on the grounds that she failed to comply with the provisions of her confirmed plan. The trustee filed his final report and accounting on September 10, 2012, and the debtor's case was closed on September 20, 2012.

On September 25, 2012, the debtor filed the motion to reopen her chapter 13 case that is presently before the court, contending that a work-related injury caused her income to plummet precipitously and led to her failure to make the required chapter 13 plan payments. Additionally, the debtor asserts that if her case is reopened, she will be in a position to bring her chapter 13 plan payments current by the end of October 2012. On September 27, 2012, the trustee filed an objection and requested a hearing on the matter.

## DISCUSSION

Section 350 of the Bankruptcy Code provides "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010 (stating that a case "may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."). In the Fourth Circuit, bankruptcy courts are vested with broad discretion in determining whether to reopen a case. See, e.g., Hawkins v. Landmark Fin. Co. (In re Hawkins), 727 F.2d 324, 326-327 (4th Cir. 1984) (adopting the view "that the reopening of a closed case is a discretionary matter," which "depends upon the circumstances of the individual case[.]"); Thompson v. Virginia (In re Thompson), 16 F.3d 576, 581-82 (4th Cir. 1994). The movant bears the burden of establishing grounds for a motion to reopen a case, In re Lee, 356 B.R. 177, 180 (Bankr. N.D. W.Va. 2006) (citation omitted), which the court may deny "where it appears that to do so would be futile and a waste of judicial resources." In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)

(reasoning that because the debt was discharged upon entry of the order or excepted from discharge, nothing would be accomplished by reopening the case to schedule an omitted creditor); Horizon Aviation of Va., Inc. v. Alexander, 296 B.R. 380, 382 (E.D. Va. 2003) (denying the motion to reopen the case where the movant failed to "demonstrate . . . a compelling cause.").

Although § 350(b) grants bankruptcy courts broad discretion to reopen a closed case, it does not allow the court to reopen a previously dismissed case. In re Archer, 264 B.R. 165, 168 (E.D. Va. 2001); In re Garcia, 115 B.R. 169, 170 (N.D. Ind. 1990) (denying debtor's motion to reopen case because a case dismissed for the debtor's failure to file a modified plan may not be reopened pursuant to § 350(b)); Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.), 699 F.2d 963, 965 (9th Cir. 1982) (observing that an order dismissing a bankruptcy case is vastly different from an order closing it following administration of the estate).[1]  Under § 350(b) only a case that has been closed [following full administration], "as opposed to dismissed, can be reopened under § 350." Rosado v. Pablos (In re Rosado), No. PR

---

[1] The Ninth Circuit, in Income Prop. Builders, Inc., contrasted an order closing a case and an order dismissing a case and observed the following:

> [A] bankruptcy is normally closed after the bankruptcy proceedings are completed . . . . A bankruptcy is reopened under 11 U.S.C. § 350(b), not to restore the pre-bankruptcy status, but to continue the bankruptcy proceeding. The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.

699 F.2d at 965; see, e.g., Garcia, 115 B.R. at 170 ("An order closing a bankruptcy case contemplates that the bankruptcy proceedings and administration of the estate have been completed. An order of dismissal, however, terminates a bankruptcy proceeding for reasons other than the completed administration of the estate."); Archer, 264 B.R. at 168.

11-081, 2012 Bankr. LEXIS 2969, at *12-13, 2012 WL 2564375, at *4 (B.A.P. 1st Cir. June 29, 2012); In re King, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997) (recognizing that a case that has been dismissed is not closed within the meaning of § 350(b) and, therefore, may not be reopened). On the other hand, "[a] case which is dismissed . . . on a trustee's motion on account of nonpayment[,] is not one that has been fully administered." Pingaro v. Ameriquest Mortg. Co. (In re Pingaro), No. MB 08-025, 2008 Bankr. LEXIS 3959, at *6, 2008 WL 8664764, at *2 (B.A.P. 1st Cir. Aug. 14, 2008); Bernegger v. King, No. 10-CV-1158, 2011 U.S. Dist. LEXIS 67716, at *3, 2011 WL 2518788, at *1 (E.D. Wis. Jun. 23, 2011) (holding that standards of Fed. R. Civ. P. 60(b) control whether relief should be afforded to a debtor's motion to reopen his bankruptcy case that was dismissed for failure to make plan payments).

A dismissal may be set aside only by direct appeal or a motion pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) (hereinafter "Rule 60(b)"), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024. King, 214 B.R. at 336. Rule 60(b) authorizes a court in its sound discretion to grant relief from an order or judgment for the following: "mistake, inadvertence, surprise, or excusable neglect" (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); "fraud . . ., misrepresentation, or other misconduct of an adverse party" (Rule 60(b)(3)); "the judgment is void[]" (Rule 60(b)(4)); "the judgment has been satisfied, released, or discharged[]" (Rule 60(b)(5)); or "any other reason justifying relief from the operation of the judgment" (Rule 60(b)(6)).

The debtors Garcia, Archer, and Bernegger requested that their previously dismissed chapter 13 cases be reopened. In Garcia, the debtor's chapter 13 case was dismissed for failure to comply with a court order requiring that the debtor file an amended chapter 13 plan. 115 B.R.

at 169-70.  The court in Garcia denied the debtor's motion to vacate the court's dismissal under Rule 60(b) because it was not filed within a reasonable time and the debtor failed to provide any plausible excuse for the three-month delay.  Id. at 171.  Similarly, in Archer, the debtor's chapter 13 case was dismissed and subsequently closed because she failed to file an amended plan following a denial of plan confirmation.  264 B.R. at 166-167 (requesting that the case be reopened for the purpose of removing a judgment lien docketed in state court while the bankruptcy case was pending).  After considering the debtor's motion to reopen under Rule 60(b), the court in Archer held that it must be denied because only a fully administered case can be reopened under § 350(b).  Id. at 168.  Furthermore, in Bernegger, the debtor's case was dismissed for failing to make his chapter 13 plan payments.  2011 U.S. Dist. LEXIS 67716, at *2-3, 2011 WL 2518788, at *1.  After concluding that § 350(b) was not applicable, the court held that the debtor was not entitled to relief from the dismissal because "Rule 60(b) relief is an extraordinary remedy" which can be "granted only in exceptional circumstances."  Id. at *4, 2011 WL 2518788, at *2 (citations omitted).

After reviewing the relevant statutory authority and case law, the court finds that Rule 60(b), not § 350(b), controls whether the debtor is entitled to relief from the prior dismissal.  The debtor's case was dismissed for failure to make plan payments and closed prior to being fully administered; therefore, it may not be reopened pursuant to § 350(b). Garcia, 115 B.R. at 170 (emphasizing that the reopening of dismissed cases under § 350(b) "would make dismissal an almost meaningless act, since the court would be required to reinstate a dismissed case upon being presented with some articulated 'cause' for reopening it."); Archer, 264 B.R. at 166-167.  As a result, the debtor's motion to reopen must be construed as a request to set aside the order

5

dismissing her case under Rule 60(b).

Based on the record and the testimony of the debtor, the court finds that the prior dismissal of the case was appropriate and will not exercise its discretion to set it aside. The debtor has failed to demonstrate any of the grounds afforded under Rule 60(b) such that she should be granted relief. Additionally, the debtor was advised in the trustee's motion to dismiss that failure to take action regarding the delinquent plan payments would result in dismissal without further notice. The debtor would have to pay approximately $6,030.00 (i.e., six (6) monthly payments) to cure the arrearage and bring her plan payments current before the end of October 2012, which would undoubtedly place a tumultuous strain on the debtor and her family. Aside from her desire and willingness to cure this substantial arrearage, the debtor failed to provide a plausible explanation for the decision to reopen her closed chapter 13 case in lieu of filing another voluntary petition.

## CONCLUSION

Based on the foregoing, the debtor's motion to reopen her case is **DENIED.**

**END OF DOCUMENT**